UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TUDOR INSURANCE COMPANY,

                Plaintiff,

-against-

                **MEMORANDUM AND ORDER**

RAL INDUSTRIAL, INC.,        Case No. 07-CV-2733 (FB) (VVP)

                Defendant.
------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
GAIL L. RITZERT, ESQ.
Havkins, Rosenfeld, Ritzert & Varriale, LLP
114 Old Country Road, Suite 300
Mineola, New York 11501

**BLOCK, Senior District Judge:**

       Tudor Insurance Company ("Tudor"), a New Jersey corporation, seeks a declaratory judgment that it is not obligated to provide a defense nor indemnify its insured, RAL Industrial, Inc. ("RAL"), a New York corporation, in respect to an incident in which Lu Qui Hao ("Hao"), an employee or independent contractor of RAL, suffered personal injuries.[1] As RAL, after being duly served, has failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #4 (Clerk's Entry of Default dated January 10, 2008), Tudor now moves for entry of a default judgment pursuant to Fed. R. Civ. P. 55(b).

---

[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000. *See* Compl. ¶¶ 1-6; *Snyder v. Harris*, 394 U.S. 332, 354 n.20 (U.S. 1969) (the "matter in controversy" in a declaratory judgment action is "the potential value of full performance" of an agreement).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action.").

I

Tudor alleges – and the Court accepts as true – the following:

On or about May 10, 2006, RAL employed Hao as an "outside employee[] or independent contractor," Compl. ¶ 13, to (1) install ceiling, light, wall and decorative panels, (2) install a door and (3) paint the lobby of a building in Queens, New York. During the course of the day Hao suffered personal injuries when he fell "from a height." Compl., Ex. A at ¶ 30. RAL became aware of the incident on the date of its occurrence. *See* Compl. ¶ 33.

On July 7, 2006, Hao initiated a lawsuit in New York Supreme Court, Kings County, against the owner and operator of the premises at which he became injured; those defendants, on December 8, 2006, initiated a third-party action, also in Supreme Court, Kings County, against RAL alleging that RAL is liable for damages suffered by Hao under theories of indemnification, contribution and breach of contract (the "third-party action"). Here, Tudor seeks a declaration that it is not obligated to provide a defense nor indemnify

2

RAL in the third-party action.

During the relevant period, RAL had a commercial general liability insurance policy (the "policy") with Tudor which provided up to $1,000,000 of coverage for personal injuries. While the policy required RAL to notify Tudor "as soon as practicable of an 'occurrence' or of an offense which may result in a claim," Compl. ¶ 16, Tudor did not become aware of Hao's incident or any of the lawsuits until January 18, 2007 when it, apparently on its own initiative, investigated the incident by interviewing RAL's president.

As a result of its investigation, Tudor, in a February 8, 2007 letter to RAL, disclaimed coverage for the incident because (1) "RAL's failure to notify Tudor of the occurrence violates the notice provisions of the [p]olicy," Compl. ¶ 28, (2) RAL's delay in notifying Tutor of the lawsuit violates a separate notice provision of the policy, (3) the policy excludes from coverage bodily injury to employees, temporary workers and volunteers, and (4) the policy does not cover claims for breach of contract; Tudor relies on the same grounds in this action.

II

"[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy . . . . However, an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision." *Francis v. D & W Saratoga, Inc.*, – N.Y.S.2d –, 2008 WL 680200 at *1 (App Div. 2d Dept. Mar.

3

11, 2008) (citations and quotation marks omitted; alteration in original).[2]

Where, as here, "a liability insurance policy requires that notice of an occurrence be given 'as soon as practicable,' such notice must be accorded the carrier within a reasonable period of time." *Tower Ins. Co. of New York v. Lin Hsin Long Co.*, -- N.Y.S.2d --, 2008 WL 895747, at *2 (App. Div. 1st Dept. April 3, 2008). The issue of reasonableness is a "legal question for the court ... rather than an issue for the trier of fact" where, as here, no excuse or mitigating factor for the delay has been asserted. *Id.* (citations and quotation marks omitted).

Plaintiff has established as a matter of law that RAL failed to give notice of the occurrence within a reasonable period fo time because over eight months elapsed from the date of the occurrence until Tudor learned of the incident. *See, e.g., DiGuglielmo v. Travelers Prop. Cas.*, 776 N.Y.S.2d 542, 544 (1st Dept. 2004) (seven-month delay "cannot be construed as reasonable under any view"), *lv. denied*, 3 N.Y.3d 608 (2004); *Zadrima v. PSM Ins. Cos.*, 616 N.Y.S.2d 817, 818 (2d Dept. 1994) (four-month delay unreasonable as a matter of law), *lv. denied*, 85 N.Y.2d 807 (1995).

Because timely notice is a condition precedent to coverage, *see White by White v. City of New York*, 81 N.Y.2d 955, 957 (1993), RAL's failure to notify Tudor within a reasonable period of time establishes that there is no possible basis on which Tudor may become obligated to indemnify RAL. *See Seneca Ins. Co. v. W.S. Distribution, Inc.*, 838

---

[2]Because this is a diversity case, New York law applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

4

N.Y.S.2d 99, 101 (2d Dept. 2007) (holding, in a declaratory judgment action, that failure to timely notify insurance company relieved insurance company of "duty to defend and indemnify the defendants in the underlying action").

Even if the notice of occurrence argument were not dispositive, Tudor would still prevail because the policy excludes from coverage "bodily injury to an employee, temporary worker . . . or a contractor . . . of the insured . . . arising out of or in the course of employment by or performing services for the insured." Compl. ¶ 18.

## CONCLUSION

For the reasons stated above, Tudor's motion is granted; Tudor is not obligated to provide a defense, nor indemnify RAL in the third-party action.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 8, 2008